1  TROUTMAN PEPPER LOCKE LLP
2  Jennifer Mathis (SBN 187275)
   jennifer.mathis@troutman.com
3  Peter Bloom (SBN 313507)
   peter.bloom@troutman.com
4  3 Embarcadero Center, Suite 800
5  San Francisco, CA 94111
   Telephone:  415.477.6700
6
7  James A. Hazlehurst (SBN 257711)
   james.hazlehurst@troutman.com
8  100 Spectrum Center Drive, Suite 1500
9  Irvine, CA 92618
   Telephone:  949.622.2700
10
11 Attorneys for Plaintiff
   CONTINENTAL CASUALTY COMPANY
12

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| CONTINENTAL CASUALTY COMPANY,<br><br>               Plaintiff,<br><br>    vs.<br><br>KNIGHT LAW GROUP, LLP; STEVE B. MIKHOV; AMY MORSE; ROGER KIRNOS; DOROTHY BECERRA; WIRTZ LAW, APC; and RICHARD M. WIRTZ<br><br>               Defendants. | Case No. 2:25-CV-07126<br><br>**COMPLAINT FOR DECLARATORY RELIEF**<br><br>**(1)  Declaratory Relief – No Duty to Defend – No Act or Omissions in Performance of Legal Services;**<br>**(2)  Declaratory Relief – No Duty to Indemnify – No Act or Omissions in Performance of Legal Services;**<br>**(3)  Declaratory Relief – No Duty to Defend – No Covered Damages;**<br>**(4) Declaratory Relief – No Duty to Indemnify – No Covered Damages;**<br>**(5) Declaratory Relief – No Duty to Defend – Cal. Ins. Code § 533**<br>**(6) Declaratory Relief – No Duty to Indemnify – Cal Ins. Code § 533** |

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

**(7) Declaratory Relief – No Duty to Indemnify – Intentional Acts Exclusion**

**JURY DEMANDED**

Plaintiff Continental Casualty Company ("Continental") brings this Complaint against Defendants Knight Law Group, LLP ("Knight Law"), Steve B. Mikhov, Amy Morse, Roger Kirnos, Dorothy Becerra, Wirtz Law, APC ("Wirtz Law"), and Richard M. Wirtz. The Defendants are collectively referred to herein as the "Insureds".

## JURISDICTION AND VENUE

1. This is an insurance coverage action in which the limits of the insurance policies at issue exceed the jurisdictional minimum, and the claimant in the underlying lawsuit seeks recovery in excess of $100 million.

2. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332. There is complete diversity between the parties, and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events or omissions giving rise to the claims at issue occurred in this District.

## THE PARTIES

4. Continental is a corporation organized and existing under the laws of the State of Illinois with its principal place of business in Chicago, Illinois.

5. Upon information and belief, Knight Law is a limited liability partnership organized and existing under California law with its principal place of business in Los Angeles, California. Upon information and belief, all of the current partners of Knight Law reside in and are citizens of the State of California.

6. Upon information and belief, Steve B. Mikhov ("Mikhov") is a former

1    partner of Knight Law who resides in and is a citizen of Puerto Rico.

2        7.    Upon information and belief, Amy Morse ("Morse") is a partner of

3    Knight Law who resides in and is a citizen of California.

4        8.    Upon information and belief, Roger Kirnos ("Kirnos") is a partner of

5    Knight Law who resides in and is a citizen of California.

6        9.    Upon information and belief, Dorothy Becerra is a non-partner

7    employee of Knight Law who resides in and is a citizen of California.

8        10.    Upon information and belief, Wirtz Law is a corporation organized and

9    existing under the laws of the state of California with its principal place of business

10    in San Diego, California.  Wirtz Law also has offices in Laguna Beach, California

11    and Los Angeles, California and provides legal services throughout the entire state

12    of California.

13        11.    Upon information and belief, Richard Wirtz is the managing attorney

14    of Wirtz Law who resides in and is a citizen of California.

15    **INTRODUCTION**

16        12.    This is an action by Continental seeking declarations concerning the

17    rights and obligations of the parties under (1) Lawyers Professional Liability Policy

18    No. 6052148900 issued by Continental to Knight Law for the September 15, 2024

19    to September 15, 2025 Policy Period (the "Knight Policy") and (2) Lawyers

20    Professional Liability Policy No. 8018797319 issued by Continental to Wirtz Law

21    for the March 1, 2025 to March 1, 2026 Policy Period (the "Wirtz Policy")

22    (collectively, the "Policies") in connection with an underlying lawsuit captioned

23    *Ford Motor Company v. Knight Law Group, LLP*, *et al*., Case No. 2:25-cv-04550

24    (United States District Court, Central District of California) (the "Underlying

25    Lawsuit").

26        13.    In this Complaint, Continental seeks, among other things, a judgment

27    (1) declaring that no coverage is afforded under the Policies for the Underlying

28    Lawsuit; and (2) declaring that there is no duty to defend or indemnify the Insureds

- 3 -

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1300
IRVINE, CA 92618

under the Policies in connection with the Underlying Lawsuit.

## FACTUAL BACKGROUND

### The Underlying Lawsuit

14.    Ford Motor Company filed the Complaint in the Underlying Lawsuit on May 21, 2025.  A copy of the Complaint in the Underlying Lawsuit is attached hereto as *Exhibit A*.  The Complaint in the Underlying Lawsuit was filed against the Insureds, among other defendants.

15.    The Complaint in the Underlying Lawsuit alleges that the Insureds are participants in a scheme to defraud Ford Motor Company ("Ford") and other auto manufacturers out of money and property by falsely and fraudulently inflating their legal fees under the California Song-Beverly Consumer Warranty Act, California Civil Code § 1790, *et seq*.  ("California Lemon Law").  Among other things, Ford alleges that the Insureds submitted fictitious billings, including bills for attorneys who supposedly worked more than 24 hours per day, bills for attorneys who purportedly attended different trial or depositions in geographically distant jurisdictions on the same date, and duplicate billing entries.

16.    The Insureds allegedly concealed their fraudulent billing scheme by spreading their fee claims across numerous matters involving different courts and different car company defendants.

17.    The fraudulent billing scheme allegedly extends back to at least 2015. Defendants in the Underlying Lawsuit have allegedly submitted fee applications for more than $100 million from Ford.

18.    The Insureds allegedly used interstate wires and U.S. Mail to submit their fraudulent and inflated attorneys' fee claims.

19.    The Underlying Complaint asserts a cause of action against the Insureds for violation of the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) ("RICO") and a cause of action against the Insureds for conspiracy to violate RICO, 18 U.S.C. § 1962(d).

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

20.     Ford seeks damages of at least $100 million, treble damages pursuant to RICO (18 U.S.C. § 1964(c)), prejudgment interest, and attorneys' fees and costs pursuant to RICO.

21.     The Insureds have sought coverage from Continental under their respective Policies for the Underlying Lawsuit.

22.     Continental has advised the Insureds that there is no coverage under the Policies for the Underlying Lawsuit.

### The Policies

23.     Continental issued the Policies to Knight Law and Wirtz Law.  Copies of the Policies are attached hereto as *Exhibit B* (Knight Law) and *Exhibit C* (Wirtz Law).  The relevant terms of the Policies alleged below are the same in each Policy.

24.     Subject to the Policies' other terms and conditions, the Policies' Insuring Agreements provide that:

> The **Company**[1] agrees to pay on behalf of the **Insured** all sums in excess of the deductible that the **Insured** shall become legally obligated to pay as **damages** and **claim expenses** because of a **claim** that is both first made against the **Insured** and reported in writing to the **Company** during the **policy period** by reason of an act or omission in the performance of **legal services** by the **Insured** or by any person for whom the **Insured** is legally liable … [Policies, Section I.A.]

25.     The Policies define **Claim** to mean "a demand, including the service of suit or the institution of any alternative dispute resolution proceeding, received by the **Insured** for money or services arising out of an act or omission, including **personal injury**, in the rendering of or failure to render **legal services**. '**Claim**' also means **privacy claims** and **client network damage claims**." [Policies, Section III.]

26.     The Policies define **Damages** to mean "judgments, awards and settlements (including pre-judgment interest), provided any settlements are

---

[1] Other than headings, terms appearing in bold are defined terms in the Policies.

negotiated with the assistance and approval of the **Company**. Notwithstanding anything to the contrary contained herein, **Damages** also include those amounts the court is permitted to impose on a debt collector as set forth in 15USC§1692k(a)." [Policies, Section III.]

27.    The Policies further provide that **Damages** do not include:

A.    legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

B.    civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;

C.    punitive or exemplary amounts;

D.    the multiplied portion of multiplied awards;

E.    injunctive or declaratory relief;

F.    any amount for which an **Insured** is absolved from payment by reason of any covenant, agreement or court order.

[Policies, Section III.]

28.    The Policies provide that **Legal Services** mean in relevant part:

A.    those services, including eleemosynary (pro bono) services, performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or company, on whose behalf the

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1500
IRVINE, CA 92618

**Insured** acts as title agent or designated issuing attorney, is

not an **Insured** under this Policy;

[Policies, Section III.]

29.    The Policies provide in relevant part that "The **Company** shall have the right and duty to defend in the **Insured's** name and on the **Insured's** behalf a **claim** covered by this Policy even if any of the allegations of the **claim** are groundless, false or fraudulent." [Policies, Section I.B., amended by Endorsement No. 1.]

30.    The Policies' Intentional Acts Exclusions provide that "This Policy does not apply: … to any **claim** based on or arising out of any dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by an **Insured** except that:  1.  this exclusion shall not apply to **personal injury**; 2.  the **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Company's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against any **Insured**; 3.  this exclusion will not apply to any **Insured** who is not found to have personally committed the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by any trial verdict, court ruling, or regulatory ruling." [Policies, Section IV.A.]

## COUNT I

### (Declaratory Relief – No Duty to Defend – No Act or Omission in the Performance of Legal Services)

31.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 30 of the Complaint.

32.    Subject to their terms, conditions, and exclusions, the Policies afford coverage for claims by reason of an act or omission in the performance of the

- 7 -

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1500
IRVINE, CA 92618

Insureds' **Legal Services**.

33. The Policies provide that **Legal Services** mean in relevant part:

A. those services, including eleemosynary (pro bono) services, performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or company, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy;

[Policies, Section III.]

34. The Underlying Lawsuit alleges acts or omissions in the Insureds' activities of fee collection and/or calculation of fees. These activities do not constitute acts or omissions in the performance of **Legal Services** as defined in the Policies. Rather, these activities are administrative tasks performed in connection with the business of running a law office.

35. An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the Insureds, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that Continental has no duty to defend the Underlying Lawsuit because it does not involve a claim by reason of an act or omission in the performance of the Insureds' **Legal Services** while, upon information and belief, the Insureds contend otherwise.

36. A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

37. Continental is entitled to a declaration that it has no duty to defend the Insureds because the Underlying Lawsuit is not a claim by reason of an act or omission in the performance of the Insureds' **Legal Services**.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

## COUNT II

### (Declaratory Relief – No Duty to Indemnify – No Act or Omission in the Performance of Legal Services)

38.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 37 of the Complaint.

39.    Subject to their terms, conditions, and exclusions, the Policies afford coverage for claims by reason of an act or omission in the performance of the Insureds' **Legal Services**.

40.    The Policies provide that **Legal Services** mean in relevant part:

A.    those services, including eleemosynary (pro bono) services, performed by an **Insured** for others as a lawyer, arbitrator, mediator, title agent or other neutral fact finder or as a notary public. Any title agency or company, on whose behalf the **Insured** acts as title agent or designated issuing attorney, is not an **Insured** under this Policy;

[Policies, Section III.]

41.    The Underlying Lawsuit alleges acts or omissions in the Insureds' activities of fee collection and/or calculation of fees.  These activities do not constitute acts or omissions in the performance of **Legal Services** as defined in the Policies.  Rather, these activities are administrative tasks performed in connection with the business of running a law office.

42.    An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the Insureds, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that Continental has no duty to indemnify the Insureds in connection with the Underlying Lawsuit because it does not involve a claim by reason of an act or omission in the performance of the **Insured's Legal Services** while, upon information and belief, the Insureds contend otherwise.

- 9 -

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

43.    A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

44.    Continental is entitled to a declaration that it has no duty to indemnify the **Insureds** because the Underlying Lawsuit is not a claim by reason of an act or omission in the performance of the Insureds' **Legal Services**.

## COUNT III

**(Declaratory Relief – No Duty to Defend – No Covered Damages)**

45.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 44 of the Complaint.

46.    The Policies define **Damages** to mean "judgments, awards and settlements (including pre-judgment interest), provided any settlements are negotiated with the assistance and approval of the **Company**. Notwithstanding anything to the contrary contained herein, **Damages** also include those amounts the court is permitted to impose on a debt collector as set forth in 15USC§1692k(a)." [Policies, Section III.]

47.    The Policies provide that **Damages** do not include:

A.    legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

B.    civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;

C.    punitive or exemplary amounts;

- 10 -

TROUTMAN PEPPER LOCKE LLP
100 Spectrum Center Drive
Suite 1300
Irvine, CA 92618

1      D.      the multiplied portion of multiplied awards;

2      E.      injunctive or declaratory relief;

3      F.      any amount for which an **Insured** is absolved from payment

4              by reason of any covenant, agreement or court order.

5  [Policies, Section III.]

6      48.    None of the amounts sought in the Underlying Lawsuit are **Damages**

7  as defined in the Policies and/or are amounts that are uninsurable under applicable

8  law.

9      49.    The amounts sought in the Underlying Lawsuit include damages for

10 violation of RICO and treble damages pursuant to RICO.   Those amounts are

11 excluded from the definition of **Damages** under the Policies.

12     50.    The amounts sought in the Underlying Lawsuit also include

13 disgorgement from the Insureds of amounts that Ford paid to the Insureds.  Amounts

14 that constitute disgorgement or restitution of amounts paid are not insurable under

15 applicable law.

16     51.    The Underlying Lawsuit also seeks attorneys' fees premised on non-

17 covered damages for violation of RICO and non-covered disgorgement or restitution

18 damages.  Insurance coverage is not afforded for attorneys' fees that are premised

19 on claims for non-covered damages.  *Health Net, Inc. v. RLI Ins. Co*., 206 Cal. App.

20 4th 232, 256-257 (2012).

21     52.    An actual, present, and bona fide justiciable controversy exists between

22 Continental, on the one hand, and the Insureds, on the other, regarding Continental's

23 obligations under the Policies insofar as Continental contends that it has no duty to

24 defend the Insureds in the Underlying Lawsuit because none of the amounts sought

25 in the Underlying Lawsuit are **Damages** as defined in the Policies and/or are

26 uninsurable amounts under applicable law while, upon information and belief, the

27 Insureds contend otherwise.

28     53.    A judicial declaration is necessary to establish the parties' rights and

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1300
IRVINE, CA 92618

- 11 -

duties, if any, under the Policies.

54.    Continental is entitled to a declaration it has no duty to defend the Insureds in connection with the Underlying Lawsuit because none of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or are uninsurable amounts under applicable law.

## **COUNT IV**

### **(Declaratory Relief – No Duty to Indemnify – No Covered Damages)**

55.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 54 of the Complaint.

56.    The Policies define **Damages** to mean "judgments, awards and settlements (including pre-judgment interest), provided any settlements are negotiated with the assistance and approval of the **Company**. Notwithstanding anything to the contrary contained herein, **Damages** also include those amounts the court is permitted to impose on a debt collector as set forth in 15USC§1692k(a)." [Policies, Section III.]

57.    The Policies provide that **Damages** do not include:

A.    legal fees, costs and expenses paid or incurred or charged by any **Insured**, no matter whether claimed as restitution of specific funds, forfeiture, financial loss, set-off or otherwise, and injuries that are a consequence of any of the foregoing;

B.    civil or criminal fines, sanctions, penalties or forfeitures, whether pursuant to law, statute, regulation or court rule, including but not limited to awards under 18 U.S.C. §1961, et. seq., Federal Rules of Civil Procedure 11 or 28 U.S.C. §1927 and state statutes, regulations, rules or law so providing, and injuries that are a consequence of any of the foregoing;

C.    punitive or exemplary amounts;

- 12 -

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1300
IRVINE, CA 92618

D.    the multiplied portion of multiplied awards;

E.    injunctive or declaratory relief;

F.    any amount for which an **Insured** is absolved from payment

by reason of any covenant, agreement or court order.

[Policies, Section III.]

58.    None of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or are uninsurable under applicable law.

59.    The amounts sought in the Underlying Lawsuit include damages for violation of RICO and treble damages pursuant to RICO.  Those amounts are excluded from the definition of **Damages** under the Policies.

60.    The amounts sought in the Underlying Lawsuit also include disgorgement from the Insured of amounts that Ford paid to the Insured.  Amounts that constitute disgorgement or restitution of amounts paid are not insurable under applicable law.

61.    The Underlying Lawsuit also seeks attorneys' fees premised on non-covered damages for violation of RICO and non-covered disgorgement damages. Insurance coverage is not afforded for attorneys' fees premised on non-covered damages.  *Health Net, Inc. v. RLI Ins. Co.*, 206 Cal. App. 4th 232, 256-257 (2012).

62.    An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the **Insureds**, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that it has no duty to indemnify the Insureds in the Underlying Lawsuit because none of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or are uninsurable amounts under applicable law while, upon information and belief, the Insureds contend otherwise.

63.    A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

64.    Continental is entitled to a declaration it has no duty to defend the

- 13 -

Troutman Pepper Locke LLP
100 Spectrum Center Drive
Suite 1500
Irvine, CA 92618

Insureds in connection with the Underlying Lawsuit because none of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or are uninsurable amounts under applicable law.

## COUNT V

### (Declaratory Relief – No Duty to Defend – Cal Ins. Code § 533)

65.    Continental repeats and incorporates by reference the allegations in paragraphs 1 through 64 of the Complaint.

66.    California Insurance Code Section 533 provides in relevant part that "An insurer is not liable for a loss caused by a the wilful act of the insured."

67.    The Underlying Lawsuit alleges that Defendants engaged in deliberate and fraudulent conduct by submitting false fee applications to courts.

68.    The Underlying Lawsuit alleges that Defendants acted with intent to defraud and asserts claims for relief under RICO, which includes intentional conduct as a requisite element of the offense.

69.    California Insurance Code Section 533 precludes coverage for the Underlying Lawsuit because it involves a loss caused by the wilful acts of the Insureds.

70.    An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the Insureds, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that it has no duty to defend the Insureds in the Underlying Lawsuit pursuant to California Insurance Code Section 533 while, upon information and belief, the Insureds contend otherwise.

71.    A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

72.    Continental is entitled to a declaration it has no duty to defend the Insureds in connection with the Underlying Lawsuit pursuant to California Insurance Code Section 533.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1300
IRVINE, CA 92618

**COUNT VI**

**(Declaratory Relief – No Duty to Indemnify – Cal Ins. Code § 533)**

73.     Continental repeats and incorporates by reference the allegations in paragraphs 1 through 72 of the Complaint.

74.     California Insurance Code Section 533 provides in relevant part that "An insurer is not liable for a loss caused by a the wilful act of the insured."

75.     The Underlying Lawsuit alleges that Defendants engaged in deliberate and fraudulent conduct by submitting false fee applications to courts.

76.     The Underlying Lawsuit alleges that Defendants acted with intent to defraud and asserts claims for relief under RICO, which includes intentional conduct as a requisite element of the offense.

77.     California Insurance Code Section 533 precludes coverage for the Underlying Lawsuit because it involves a loss caused by the wilful acts of the Insureds.

78.     An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the Insureds, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that it has no duty to indemnify the Insureds in the Underlying Lawsuit pursuant to California Insurance Code Section 533 while, upon information and belief, the Insureds contend otherwise.

79.     A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

80.     Continental is entitled to a declaration it has no duty to indemnify the Insureds in connection with the Underlying Lawsuit pursuant to California Insurance Code Section 533.

**COUNT VII**

**(Declaratory Relief – No Duty to Indemnify – Intentional Acts Exclusion)**

81.     Continental repeats and incorporates by reference the allegations in

- 15 -

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1500
IRVINE, CA 92618

paragraphs 1 through 80 of the Complaint.

82.    The Policies' Intentional Acts Exclusions provide that "This Policy does not apply: … to any **claim** based on or arising out of any dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by an **Insured** except that:  1.  this exclusion shall not apply to **personal injury**; 2.  the **Company** shall provide the **Insured** with a defense of such **claim** unless or until the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing has been determined by any trial verdict, court ruling, regulatory ruling or legal admission, whether appealed or not. Such defense will not waive any of the **Company's** rights under this Policy. Criminal proceedings are not covered under this Policy regardless of the allegations made against any **Insured**; 3.  this exclusion will not apply to any **Insured** who is not found to have personally committed the dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by any trial verdict, court ruling, or regulatory ruling."  [Policies, Section IV.A.]

83.    The Underlying Lawsuit alleges that Defendants engaged in deliberate and fraudulent conduct by submitting false fee applications to courts.

84.    The Underlying Lawsuit alleges that Defendants acted with intent to defraud and asserts claims for relief under RICO, which includes intentional conduct as a requisite element of the offense.

85.    Section IV.A. of the Policies preclude coverage for the Underlying Lawsuit because it is a **Claim** based on or arising out of dishonest, fraudulent, criminal, malicious act or omission or intentional wrongdoing by the **Insureds**.

86.    An actual, present, and bona fide justiciable controversy exists between Continental, on the one hand, and the Insureds, on the other, regarding Continental's obligations under the Policies insofar as Continental contends that it has no duty to indemnify the Insureds in the Underlying Lawsuit because Section IV.A. of the Policies preclude coverage while, upon information and belief, the Insureds contend otherwise.

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTER DRIVE
SUITE 1300
IRVINE, CA 92648

87.    A judicial declaration is necessary to establish the parties' rights and duties, if any, under the Policies.

88.    Continental is entitled to a declaration it has no duty to indemnify the Insureds in connection with the Underlying Lawsuit because Section IV.A. of the Policies preclude coverage.

## PRAYER FOR RELIEF

WHEREFORE, Continental prays for the following relief and for judgment against the Insureds as follows:

## COUNT I

1.    A judgment declaring that Continental has no obligation to defend the Insureds in connection with the Underlying Lawsuit because it does not involve a claim by reason of an act or omission in the performance of the Insureds' **Legal Services**.

## COUNT II

2.    A judgment declaring that Underwriters have no obligation to indemnify the Insureds in connection with the Underlying Lawsuit because it does not involve a claim by reason of an act or omission in the performance of the Insureds' **Legal Services**.

## COUNT III

3.    A judgment declaring that Continental has no obligation to defend the Insureds in connection with the Underlying Lawsuit because none of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or the amounts are uninsurable under applicable law.

- 17 -

CASE NO. 2:25-CV-07126

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1300
IRVINE, CA 92618

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1300
IRVINE, CA 92618

### COUNT IV

4.      A judgment declaring that Continental has no obligation to indemnify the Insureds in connection with the Underlying Lawsuit because none of the amounts sought in the Underlying Lawsuit are **Damages** as defined in the Policies and/or the amounts are uninsurable under applicable law.

### COUNT V

5.      A judgment declaring that Continental has no obligation to defend the Insureds in connection with the Underlying Lawsuit pursuant to California Insurance Code Section 533.

### COUNT VI

6.      A judgment declaring that Continental has no obligation to indemnify the Insureds in connection with the Underlying Lawsuit pursuant to California Insurance Code Section 533.

### COUNT VII

7.      A judgment declaring that Continental has no obligation to indemnify the Insureds in connection with the Underlying Lawsuit because Section IV.A. of the Policies preclude coverage.

### ALL COUNTS

8.      For Continental's costs of suit herein; and

9.      For such other relief as this Court deems just and proper.

1

## **JURY DEMAND**

Continental hereby demands a trial by jury on all issues so triable.

Dated:  August 1, 2025                                  TROUTMAN PEPPER LOCKE LLP

By: */s/ James A. Hazlehurst*
    Jennifer Mathis
    James A. Hazlehurst
    Peter W. Bloom
    Attorneys for Plaintiff
    Continental Casualty Company

TROUTMAN PEPPER LOCKE LLP
100 SPECTRUM CENTRE DRIVE
SUITE 1500
IRVINE, CA 92618

CASE NO. 2:25-CV-07126